UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIDDLETON BROTHERS, INC., et al., )<br>)<br>Defendants. ) | Case No. 1:10CV11 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss defendant Southland International of Louisiana, LLC's (Southland) counterclaim, #6, filed February 9, 2010, for failure to state a claim upon which relief can be granted. Defendant has filed a response, but plaintiff has not filed a reply.

**I. Statement of the Case**

Plaintiff Guarantee Company of North America USA (Guarantee), a surety company based out of Michigan, initially filed a complaint for indemnity, exoneration, and for declaratory, and injunctive relief against the defendants, in relation to various surety bonds issued by plaintiff to Middleton Brothers, Inc., a Missouri corporation, to secure certificates of title for trucks allegedly sold by Middleton Brothers to Southland. Southland purchased three trucks, but never received their delivery. Southland thereafter attempted to collect the purchase price and was unsuccessful, later obtaining a default judgment against Middleton Brothers with this Court for failure to deliver the purchased trucks and failure to return the purchase price. This, in turn, led to plaintiff's initial complaint for declaratory relief against Southland, Middleton Brothers, and the other defendants. In their answer to plaintiff's complaint, Southland filed a counterclaim

against plaintiff to recover the value of the surety bonds, and attached the surety bonds at issue. Plaintiff argues in its motion to dismiss that Southland has not stated a claim because (1) it has not properly identified the law under which it brings its claim, (2) it has not supported the counterclaim by attaching a valid judgment, (3) it has not alleged the amount of the purchase price of the trucks at issue, and (4) plaintiff should not be bound by at least one of the bonds because it was issued by another company. In the alternative, plaintiff has requested a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008)(quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City*

*of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With this plausibility standard in mind, the Court turns to an examination of the defendant's counterclaim.

### III. Discussion

Plaintiff/Counter-defendant Guarantee makes four arguments as to why the counterclaim has failed to satisfy the pleading requirements. Guarantee first argues that Southland bases its counterclaim upon bonds issued under the provisions of an Arkansas statute, "yet does not set out the statute or a citation to such statute." Although helpful, this information is not required under the Federal Rules of Civil Procedure. Rule 8(a) provides: "A pleading that states a claim for must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of

3

relief." Nowhere within the rule does it require that the plaintiff or counter-claimant must specify the statute or law upon which the claim is based. In any event, although Southland does not bring its claim under an Arkansas statute, but rather a common law breach of contract, the surety bond—attached to the counterclaim and incorporated by reference—lists the applicable Arkansas statute.

Guarantee then argues that Southland has neither alleged nor attached a judgment that comports with the language of the bond, which provides in part: "To be a valid claim against the bond, the claim must be supported by court judgment in favor of the claimant, indemnifying the claimant against any expense, loss or damage, including reasonable attorney's fees, incurred as a result of the issuance of this bonded certificate of title." Guarantee maintains that although Southland has obtained a judgment in its favor with this Court, the judgment was not entered as a result of damages "incurred as a result of the issuance of the bonded certificates of title," but rather as a result of damages caused by Middleton's failure to deliver the purchased trucks and failure to return the purchase price. The default judgment in *Southland International of Louisiana, L.L.C. et al. v. Middleton Brothers, Inc.*, 1:08-cv-00040-SNLJ, was entered by this Court to award damages for Middleton's failure to deliver the trucks or to return the purchase price, but that does not necessarily preclude the existence of damages "incurred as result of the issuance of the bonded certificates of title." That issue, however, should be resolved by litigating the merits of the counterclaim and plaintiff's initial claim, not within the narrow confines of a motion to dismiss. Furthermore, although the language of the surety bond states that the claim must be supported by a court judgment in favor of the claimant, neither the terms of the surety bond, nor the terms of the Federal Rules of Civil Procedure require that a copy of the judgment be attached to the complaint.

For its third point, Guarantee argues that Southland did not allege the amount of the purchase price of the trucks. This is simply not an issue, however, because Southland requested in its prayer for relief "the full face amount of the surety bonds," and then attached each of the surety bonds to the counterclaim and incorporated each by reference. Guarantee need only look to the language of the surety bonds to discover that the value of each truck is listed in detail.

Finally, Guarantee argues that one of the surety bonds in question was not issued by Guarantee Company, but by another company, Platte River Insurance Company. The power of attorney form attached with the surety bond of January 26, 2007 lists Platte River, but the surety bond itself lists the Guarantee Company. There may exist an issue as to who authorized the surety bond, but that question goes to the merits of the case, and is not appropriate for disposition in a motion to dismiss. For the purposes of this motion to dismiss, Southland need only present a counterclaim that is facially plausible, and the Court should accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff/counter-defendant's motion to dismiss and motion to make more definite statement (#6) are **DENIED**.

Dated this ___23rd___ day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE