**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:10CV11 SNLJ |
| MIDDLETON BROTHERS, INC., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss defendant Manasseh

Truck and Equipment, Inc.'s (Manasseh) counterclaim, #23, filed May 24, 2010, for failure to

state a claim upon which relief can be granted. Defendant Manasseh has filed a response, but

plaintiff has not filed a reply.

**I. Statement of the Case**

Plaintiff Guarantee Company of North America USA (Guarantee Company), a surety

company based out of Michigan, initially filed a complaint for indemnity, exoneration, and for

declaratory, and injunctive relief against the defendants, in relation to various surety bonds issued

by plaintiff to Middleton Brothers, Inc., a Missouri corporation, to secure certificates of title for

trucks purportedly owned by Middleton Brothers but instead owned by Manasseh. Middleton

Brothers allegedly used these surety bonds to secure certificates of bonded title in order to sell

the trucks to third parties without first purchasing them from Manasseh. Manasseh, having been

deprived the use and value of its trucks, obtained a judgment in state court awarding damages for

losses associated with the trucks. Plaintiff filed a complaint for declaratory relief against

Manasseh, Middleton Brothers, and the other defendants. In its answer to plaintiff's complaint,

Manasseh filed a counterclaim against plaintiff to recover the value of the surety bonds, and attached the state court judgment and surety bonds at issue. Plaintiff argues in its motion to dismiss that Manasseh has not stated a claim because (1) the court judgment did not indemnify against expenses "incurred as a result of the issuance of the this bonded certificate of title", but rather was obtained for alleged damages incurred due to the failure of Middleton Brothers to pay Manasseh, (2) the state court petition refers to two trucks that appear to be of different model years from the counterclaim, (3) Manasseh does not set forth the amount of damages in the counterclaim, and (4) Manasseh has failed to allege affirmative misconduct on the part of Guarantee. In the alternative, plaintiff has requested a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## II. Legal Standard of Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (*quoting Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008)(quoting

*Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With this plausibility standard in mind, the Court turns to an examination of the plaintiff's motion to dismiss.

## III.  Discussion

Plaintiff/Counter-defendant Guarantee makes four arguments as to why the counterclaim has failed to satisfy the pleading requirements. First, Guarantee argues that a claim on the surety bonds must be supported by a court judgment that indemnifies the claimant for damages "incurred as a result of the issuance of this bonded certificate of title." The relevant language from the surety bonds states: "To be a valid claim against the bond, the claim must be supported

by court judgment in favor of the claimant, indemnifying the claimant against any expense, loss or damage including reasonable attorney's fees, incurred as a result of the issuance of this bonded certificate of title." The Circuit Court of Stoddard County, Missouri issued a default judgment on July 16, 2008, against Middleton Brothers based on a petition that alleged that Middleton Brothers forged the name of Manasseh's principal, Brad Ough, on the Bills of Sale in order to pass title to customers of Middleton Brothers. Although Manasseh's state petition does not explicitly allege that the damages were incurred as a result of the issuance of bonded certificate of title, nowhere in the pertinent language of the surety bonds does it state that the court judgments or state petitions must expressly mention the bonded certificate of title. Plaintiff's argument is without merit, and this Court accepts the allegations in the counterclaim as true that Mannaseh's damages were incurred as a result of the surety bonds.

Guarantee next argues that Manasseh's counterclaim should be dismissed because there are discrepancies between the description of the trucks on the counterclaim, the state petition, and the surety bonds. A 2006 International truck in the counterclaim is listed as a 2003 International truck in the state petition, and a 2007 International truck in the counterclaim is listed as a 2006 IH Water Tanker in the state petition. Manasseh asserts that these discrepancies are merely typographical errors, and this Court takes that to be the case. Manasseh is granted leave to amend the counterclaim to correct the errors.

Guarantee next argues that Manasseh does not set forth the amount of alleged damages in the counterclaim. This argument is without merit, however, because Manasseh stated in paragraph nine of the counterclaim that it was deprived "the use and value of its trucks and /or the purchase price thereof," and the surety bonds and their respective values are attached in exhibits A, B, C, D, and E.

Guarantee finally argues that Manasseh failed to allege affirmative misconduct as required by Arkansas common law and Arkansas Statute 23-79-208. This argument, again, is simply without merit, because Manasseh alleged in its counterclaim that Guarantee denied its claims "without basis in law or fact" and "without a good faith defense in a dishonest, malicious and/or oppressive attempt to avoid liability under the bonds." Furthermore, the state court judgment was entered based on fraudulent activity on the part of Middleton Brothers; this should be sufficient to satisfy allegations of affirmative misconduct.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff/counter-defendant's motion to dismiss and motion to make more definite statement, #23, are **DENIED**.

Dated this ___15th___ day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE