UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA, USA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 1:10CV11 SNLJ |
| MIDDLETON BROTHERS, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Carolina Casualty Insurance Company's motion to intervene as a party plaintiff[1] (#44), filed November 23, 2010. Responsive pleadings have been filed, and this matter is now ripe for disposition.

**I. Statement of the Case**

Plaintiff Guarantee Company of North America USA ("Guarantee") filed a complaint for indemnity, exoneration, and for declaratory and injunctive relief in relation to various surety bonds issued by plaintiff to defendant Middleton Brothers, Inc. The complaint alleges that defendants Manasseh Truck & Equipment, Inc. ("Manasseh"), Southland International of Louisiana, LLC ("Southland"), and D. Martin Enterprises, Inc. ("D. Martin") have all made claims against those bonds.

Counterclaims filed by Manasseh and Southland allege that Middleton Brothers used the surety bonds to secure certificates of bonded title in order to sell certain trucks to third parties,

---

[1]Carolina's motion to intervene indicates it intends to intervene as a plaintiff (#44 at ¶ 13), but Carolina's proposed pleading, a Counter Claim and Cross Claim, indicates it intends to intervene as a defendant (#44-3 at ¶ 4).

but the trucks were in some cases actually owned by defendant Manasseh. Manasseh, which alleges in its counterclaim that it had intended for Middleton Brothers to repair, not to sell, the trucks, obtained a judgment in state court awarding damages for losses associated with the trucks. Manasseh then made claims under the title bonds issued by plaintiff, which plaintiff denied. Defendant Southland alleges in its counterclaim that it made claims under the title bonds issued by plaintiff after it paid Middleton Brothers for trucks that Southland never received. According to the complaint, defendant D. Martin has also made claims under the title bonds, but D. Martin's role with respect to the subject trucks is unclear from the pleadings, and D. Martin has not appeared or filed a responsive pleading.

## II. Legal Standard for Intervention

Federal Rule of Civil Procedure 24 sets out the requirements for a party seeking to intervene in a litigation. "Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) [it] has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (footnote omitted).

Rule 24(b) governs permissive intervention and requires only that the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## III. Discussion

Movant Carolina Casualty Insurance Company alleges that it sold defendant D. Martin Enterprises two trucks — a 2007 International (VIN 2HSCHSCR67C430386) and a 2008 International (VIN 2HSCUPR88C576877) — but that D. Martin Enterprises never paid.

Carolina further alleges that plaintiff issued surety bonds on the titles of those trucks numbered RM76042184 and RM76046383, respectively, and that Carolina made claims under those title bonds which plaintiff denied.

Plaintiff argues, among other things, that Carolina's motion should be denied because Carolina does not have an interest in the subject matter of the litigation. Indeed, the documentation supplied by both plaintiff and Carolina indicate that the VINs for the two trucks Carolina allegedly sold to defendant D. Martin do not match the VINs listed on the face of the two surety bonds issued by plaintiff. The surety bond numbered RM76042184 was issued for a 2007 International truck with VIN 2HSCNAPR77C377671 (Doc. 45-1), and the surety bond numbered RM76046383 was issued for a 2007 International truck with VIN 2HSCHSCR67C430329 (Doc. 45-2). Carolina does not dispute the authenticity of the copies of the bonds, nor does Carolina suggest that other bonds that are the subject of this litigation relate to the Carolina trucks.

Accordingly, Carolina alleges no interest relating to the property that is the subject matter of this litigation, as required for intervention of right under Rule 24(a)(2). Similarly, permissive intervention under Rule 24(b)(1)(B) would not be appropriate here because, for the same reason, Carolina shares no common question of law or fact with the litigation.

In any event, the Court's disposition of the claims in this case will not impede Carolina's interests either in the vehicles it sold to D. Martin or in any bonds issued on the titles of those vehicles, as Carolina is free to pursue its own litigation to protect those interests.

Accordingly,

**IT IS HEREBY ORDERED** that Carolina Casualty Insurance Company's motion to intervene (#44) is **DENIED**.

Dated this   12th   day of January, 2011.

                                                /s/ Stephen N. Limbaugh, Jr.
                                                UNITED STATES DISTRICT JUDGE